## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| v. | ) | Case No. CR-18-150-D |
| | ) | (No. CIV-20-117-D) |
| JEREMY SHAWN PARKE, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## O R D E R

Before the Court is Defendant Jeremy Shawn Parke's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 53].   The Motion is combined with a supporting brief and accompanied by Defendant's affidavit [Doc. No. 53-2] and other documentary evidence, including a letter from his attorney.   The government has filed a response [Doc. No. 56], and Defendant has filed a reply brief [Doc. No. 58].   For reasons that follow, the Court finds that no hearing is needed and that the Motion should be denied on the existing record.[1]

### Factual and Procedural History

Defendant pleaded guilty on June 28, 2018, to a single charge in the Information [Doc. No. 7] of violating 18 U.S.C. § 922(g)(8) by possessing firearms and ammunition while subject to a domestic violence protection order.   The Court was represented by an experienced defense attorney, Assistant Federal Public Defender Julia Summers, who was

---

[1]   No evidentiary hearing is needed where the existing record conclusively shows the defendant is not entitled to relief.   *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).

appointed to represent Defendant at his initial appearance on May 24, 2018, following an arrest on a criminal complaint.  Defendant was ordered detained after a hearing.  The complaining witness, who also testified at the detention hearing, was Special Agent Brian Anderson of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

The charge of being a prohibited person in possession of firearms and ammunition was based on events of May 5, 2018, in which officers of the Moore, Oklahoma police department responded to a report of shots fired in a residential neighborhood.  Officers observed a rifle and multiple spent shell casings on the back patio of Defendant's residence. Defendant appeared to be intoxicated, and he admitted to officers that he had fired the gun. The next day, a resident of an adjoining neighborhood called to report that she had found a bullet on the floor of her baby's bedroom and she believed the bullet had hit a crib in the room a day earlier when she had heard a loud noise and first noticed damage to the crib. An investigation revealed that Defendant was subject to an order of protection issued by the District Court of Cleveland County, Oklahoma, Case No. PO-2016-540, in October 2016 to a former intimate partner, which remained in effect.

Following the preparation and disclosure of a presentence investigation report, the Court conducted a sentencing hearing on January 29, 2019.  Defendant objected only to paragraphs of the presentence report regarding a possible basis for upward variance from the advisory guideline range of imprisonment of 30 to 37 months due to his reckless conduct in firing a high-powered rifle in a residential setting and causing a bullet to penetrate a house.  The information was not presented as a recommendation but as

circumstances of the offense that were not taken into account by the Sentencing Guidelines. *See* Final Pretrial Report [Doc. No. 29], ¶¶ 83-84.   Defendant, through counsel, both objected to an upward variance and moved for a downward variance based on numerous mitigating factors that allegedly warranted a sentence below the guideline range.   *See* Def.'s Sentencing Memo. & Request for Downward Variance [Doc. No. 32].   Defense counsel orally argued this motion at the sentencing hearing, and Defendant personally apologized for endangering others and expressed remorse for his behavior.   *See* Tr. [Doc. No. 48] at 5-9, 10-11.   The neighbors who were victims of the offense also spoke at the hearing.   *Id*. at 12-18.

The Court declined to make any variance and imposed a prison sentence of 36 months.   Defendant appealed, again represented by Ms. Summers, and challenged only the reasonableness of his prison sentence.   The Tenth Circuit affirmed.   *See United States v. Parke*, 785 F. App'x 562 (10th Cir. 2019).

## Defendant's Motion

In the § 2255 Motion, Defendant claims that counsel provided ineffective assistance at sentencing by failing to call a potential witness, Agent Anderson, to testify regarding the bullet that allegedly penetrated the neighbors' house.   Specifically, Defendant alleges, and attests in his affidavit, that he told Ms. Summers multiple times of a statement made by Agent Anderson to Defendant on the day of his arrest that no forensic evidence "conclusively tie[d] the bullet in the victim's home to [his] gun."   *See* Mot. at 5. According to Defendant, Ms. Summers agreed to call Agent Anderson to testify to this fact

3

at the sentencing hearing, but then failed to do so.   *Id*. at 7-8; Parke Aff. [Doc. No. 53-2] ¶¶ 10, 12-15.   Defendant believes Agent Anderson's testimony "could likely have resulted in a lower sentence" than the one he received.   *Se* Mot. at 5.[2]

The government disagrees.   It asserts that Defendant cannot show any error by counsel at sentencing because Ms. Summers made a reasonable strategy decision.   The government argues that "[i]t would have been fruitless to call an officer to testify that forensics had not conclusively tied the bullet that struck the baby's crib to [Defendant's] gun" when strong circumstantial evidence existed, and that the proposed evidence was inconsistent with Defendant's decision to apologize to the neighbors and address them as victims.   *See* Resp. Br. at 6.   At best, "it would have made him look less remorseful" and, at worst, "could have jeopardized [his] credit for acceptance of responsibility."   *Id*. The government also asserts that Defendant cannot establish any prejudice from counsel's decision because the evidence would not have affected the sentencing outcome.

### Ineffective Assistance of Counsel

**A.     Standard of Decision**

Ineffective assistance of counsel claims are . . . guided by the now familiar *Strickland* test.   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   Under this test, a petitioner must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred."   *United States v.*

---

[2]   Defendant also argues in the supporting memorandum and his reply brief that counsel "failed to properly object to paragraph 84 of the PSR."   *See* Mot. at 10; Reply Br. at 2.   Liberally construing this argument due to Defendant's *pro* se status, the Court understands Defendant's position to be that, although counsel did lodge an objection to paragraph 84, she failed to support the objection with argument and evidence at the sentencing hearing regarding a lack of forensic testing of the bullet.

*Haddock*, 12 F.3d 950, 955 (10th Cir. 1993) (*quoting Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*United States v. Mora*, 293 F.3d 1213, 1217 (10th Cir. 2002). "An insufficient showing on either element is fatal to an ineffective-assistance claim . . . ." *Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016).

The Supreme Court requires that an attorney's strategic decisions be given "highly deferential" review: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. A claimant must show his counsel's performance was "completely unreasonable, not merely wrong." *See United States v. Barrett*, 797 F.3d 1207, 1214 (10th Cir. 2015).

Regarding prejudice at sentencing, the defendant "must show there is a reasonable probability that but for [his counsel's] deficient performance, he likely would have received a lower sentence." *United States v. Washington*, 619 F.3d 1252, 1262 (10th Cir. 2010); *see Glover v. United States*, 531 U.S. 198, 200 (2001) (*Strickland* prejudice requires that "an increased prison term did flow from an error" by counsel).

## B.     Application

### 1.     Failure to Call a Fact Witness

As a general rule, "trial counsel's informed decision not to call a particular witness is a tactical decision and thus a matter of discretion for counsel." *Newmiller v. Raemisch*, 877 F.3d 1178, 1198 (10th Cir. 2017). Defendant's allegations do not warrant a deviation

from this rule.    The Court finds that Defendant's complaint about his attorney's performance at the sentencing hearing concerns a matter of strategy about which Ms. Summers exercised reasonable professional judgment.    Ms. Summers reasonably decided not call Agent Anderson to testify about a lack of forensic evidence to prove the bullet that the penetrated the house was fired from Mr. Parke's Ruger, model AR-556 rifle, where the focus of her sentencing strategy was to advocate for leniency based on other circumstances and Defendant's remorse and positive characteristics.    Therefore, Defendant has failed to show an essential element of his ineffective assistance claim.

### 2.    Lack of Prejudice

Defendant also has not shown Ms. Summers' decision not to call Agent Anderson as a witness likely affected the outcome of the sentencing hearing.    Defendant admitted at the hearing the recklessness of his conduct and the extreme danger he created by randomly firing a high-powered rifle in a residential neighborhood.    In his own words: "I thank God every day that nobody was hurt. . . . I put others in danger."    *See* Tr. at 10. Agent Anderson's proposed testimony had no bearing on this issue and, in fact, might well have diminished the impact of Defendant's remorsefulness and his attorney's advocacy. Although Defendant's sentencing position was rejected, the Court can confidently say that Agent Anderson's testimony would not have changed the undersigned's judgment regarding an appropriate prison term under the circumstances.    Defendant's speculative argument that the omitted testimony might have swayed the Court to impose a lesser sentence does not establish prejudice flowing from counsel's tactical decision.

**Conclusion**

For these reasons, the Court finds that Defendant is not entitled to relief from his sentence based on ineffective assistance of counsel regarding his sentencing proceeding.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 53] is DENIED.   A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant.   A COA may issue only upon "a substantial showing of the denial of a constitutional right."   *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case.   Therefore, a COA is denied, and the denial shall be included in the judgment.

IT IS SO ORDERED this 16th day of April, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge